# UNITED STATES DISTRICT COURT
for the
Eastern District of California

FILED

MAY 18 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

| | |
|---|---|
| In the Matter of the Search of ) <br> ) <br> USPS Priority Mail Express parcel EL631344722US ) <br> addressed to "Corey James 100 penzance Ave Chico, ) <br> CA 95973 APT 58" ) <br> ) | Case No. <br><br> 2:17-SW-0387 CKD |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property (*identify the person or describe the property to be searched and give its location*):

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____Eastern_____ District of _____California_____, there is now concealed (*identify the person or describe the property to be seized*):

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is (*check one or more*):
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 841(a)(1); | Distribution and possession with intent to distribute a controlled substance; |
| 21 U.S.C. Section 843(b); | Illegal use of the mails in furtherance of narcotic trafficking; and |
| 21 U.S.C. Section 846 | Attempt and conspiracy to commit the foregoing offenses |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☑ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Dustin Warner, United States Postal Inspector
Printed name and title

Sworn to before me and signed in my presence.
Date: 5/18/2017

_____
Judge's signature

City and state: Sacramento, California          Carolyn K. Delaney, U.S. Magistrate Judge

**Affidavit of Postal Inspector Dustin Warner**

I, Dustin Warner, being duly sworn, hereby depose and state:

**Purpose**

1. This Affidavit is made in support of a search warrant for USPS Priority Mail Express parcel EL631344722US addressed to "Corey James 100 penzance Ave Chico, CA 95973 APT 58" ("**THE PARCEL**").

2. **THE PARCEL** is in the temporary custody of the United States Postal Inspection Service ("USPIS") and is described more particularly in Attachment A, which is attached hereto and fully incorporated herein.

3. Based on the information provided in this affidavit, I believe there is probable cause that **THE PARCEL** contains evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. § 841(a)(1) (distribution, and possession with intent to distribute, a controlled substance), 21 U.S.C. § 843(b) (illegal use of the mails in furtherance of narcotic trafficking), and 21 U.S.C. § 846 (attempt and conspiracy to commit the foregoing offenses). The evidence, fruits, and instrumentalities to be searched for and seized are more fully described in Attachment B, which is attached hereto and incorporated fully herein.

**Agent Background**

4. I have been a Postal Inspector since February of 2012. I am currently assigned to the Sacramento Domicile, San Francisco Division, of the United States Postal Inspection Service. My current assignment is to investigate the unlawful transportation of contraband, including controlled substances and proceeds of the sale of controlled substances, through the United States Mail.

5. I attended the United States Postal Inspection Service Basic Inspector Training in Potomac, Maryland. Through my training, experience, and interaction with other experienced Postal Inspectors, Task Force Officers, and other drug investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs; to collect and conceal drug-related proceeds; and to communicate with other participants to accomplish such objectives. I have received specialized training in narcotics investigation matters including, but not limited to, drug interdiction, drug detection, money laundering techniques and schemes, and drug identification from the Postal Inspection Service.

1

6. I have participated in at least thirty investigations targeting individuals and organizations trafficking heroin, cocaine, marijuana, methamphetamine, and other controlled substances. During the course of these investigations, I have become familiar with the manner in which drug traffickers use the mail to conduct their illegal operations. I have written at least twenty-five search warrants related to parcel interdiction efforts.

7. I am a "Federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant.

8. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## Statement of Probable Cause

A. **Parcel Identification**

9. On May 16, 2017, law enforcement conducted an examination of Express Mail parcels at the USPS Processing and Distribution Center (P&DC), located in West Sacramento, California. During a visual and physical examination of **THE PARCEL**, law enforcement noticed several anomalies that, in their training and experience, are characteristics of parcels containing controlled substances and proceeds of narcotics trafficking.

10. I am aware that the state of California, including the city of Chico, is a source for illegal narcotics shipments. I am aware that the state of Tennessee is a destination for illegal narcotics shipments from Northern California. Additionally, I am aware that proceeds from these illegal narcotic shipments are often mailed back to the state of California.

11. **THE PARCEL** was sent by Express Mail. Express Mail parcels are assigned a tracking number that allows the sender, recipient, or anyone else with the tracking number to identify the parcel's location in the mail stream at any point from mailing to delivery.

12. During the records checks, law enforcement determined that the person who shipped **THE PARCEL**, conducted the transaction in cash. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics and narcotics proceeds through the US Mail often pay in cash as a way to remain anonymous to law enforcement.

13. A search for the return address for **THE PARCEL**, "Patrick Carter 1178 Timber Valley Dr Nashville, TN, 37214," was conducted, using Thomson Reuters CLEAR, an online public and proprietary records database used by law enforcement and government agencies to verify names and addresses. That search confirmed this is a real address; however, no person by the name of "Patrick Carter" associates to that address. Based on my training and experience and the training and experience of other law enforcement officers with whom I have consulted, I know persons who traffic narcotics and proceeds through the US Mail often provide fictitious names and/or addresses to remain anonymous to law enforcement.

14. A search for the recipient address for **THE PARCEL**, "Corey James 100 penzance Ave Chico, CA 95973 APT 58," was conducted using Thomson Reuters CLEAR. That search confirmed this is a real address and "Corey James" associates to that address.

B. **Narcotic Detection Canine Sniff**

15. On May 16, 2017, Task Force Officer ("TFO") Noah Brommeland utilized his narcotic-detection trained canine "Dash" to sniff **THE PARCEL**. At the time, **THE PARCEL** was located at the West Sacramento P&DC. Prior to conducting the sniff of **THE PARCEL**, the area where Dash was to conduct the test was proofed by TFO Brommeland. K9 Dash did not give a positive alert to the presence of an odor of narcotics in the area. **THE PARCEL** was then placed among other postal equipment and parcels that do not contain narcotics or proceeds. At approximately 7:58 A.M., TFO Brommeland and K9 Dash conducted a search of the area and Dash positively alerted to the presence of a narcotic odor emanating from **THE PARCEL**.

16. TFO Noah Brommeland has been a full-time sworn peace officer in the State of California since 1998 and is employed by the Placer County District Attorney's Office as a DA Investigator. From 1998 to 2005, TFO Brommeland served with the Santa Clara County Sheriff's Office as a Deputy and Sergeant. Currently, TFO Brommeland is assigned to the United States Postal Inspection Service, Narcotics and Economic Crime Investigations (NECI) Task Force at the Sacramento Domicile of the San Francisco Division. Task Force duties involve the investigation of the unlawful transportation of contraband, including controlled substances and drug proceeds, through the United States Mail.

17. On November 28, 2014, TFO Brommeland was assigned Dash. Dash is a yellow Labrador Retriever selected from a specialty breeder in Texas. Dash was born on December 31, 2013. Dash is a "signal purpose" working canine, trained in the area of narcotic detection under the instruction of Retired Deputy Sheriff John Riboni of the Los Angeles County Sheriff's Department. Mr. Riboni has over thirty-five years of

experience with Police K9s, is a Post K9 Certifier, and was formerly a judge with the Western States Police Canine Association. Dash and TFO Brommeland have over 380 hours of specialized training from Mr. Riboni in the detection of marijuana, cocaine, heroin, and methamphetamine. Dash and TFO Brommeland were initially certified by Mr. Ron Goodpaster from the Roseville Police Department, on February 18, 2015 as being proficient in the detection of narcotic substances in high, low, and buried locations. Dash and TFO Brommeland were last certified on June 14, 2016. Training is ongoing for Dash and TFO Brommeland. TFO Brommeland is a member of the California Narcotic Officer's Association (CNOA) and the Western States Police Canine Association (WSPCA). TFO Brommeland has attended courses, conferences, and practical hands-on K9 training with these organizations. TFO Brommeland is also a member of the International Narcotics Investigators Association and attended the annual conference in June 2016.

18. Dash's alert consists of physical and mental reactions, which include heightened emotional state, pawing, or a deliberate sit at the area or object he smells the drug odor coming from. Dash has successfully completed training exercises where known controlled substances, containers, or paraphernalia were hidden, to include parcels, the interior and exterior of motor vehicles, and storage lockers. Dash also conducts regular proofing exercises to ensure that he does not alert to regular, non-narcotics-associated odors including food, plastic bags and wrap, tape, and other items. Proofing is a method used in training to ensure the canine alerts only to the odors for which it is trained to alert. Dash has also been proofed using circulated and non-circulated U.S. currency. Drug proceeds that have been recently subjected to, or stored with, one of the narcotic substances Dash is trained to detect will be grossly contaminated. This odor, in residual form (billionths of a gram), is present on everyday circulated currency but not in the amount Dash has been trained to detect.

19. To date, Dash has positively alerted on more than 380 United States Mail parcels. These parcels were opened by way of search warrant or consent and were found to contain contraband, mainly in the form of U.S. Currency/drug proceeds of narcotics trafficking or narcotics and processed marijuana or marijuana concentrates. Dash's alerts have cumulatively resulted in the seizure of over $3.7 million dollars in U.S. Currency (drug proceeds). Dash's alerts have been used as probable cause on more than 100 federal parcel search warrants.

20. Therefore, it is the opinion of TFO Brommeland that based on Dash's positive alert, **THE PARCEL** contains drugs, paraphernalia, or currency that has been recently subjected or stored with one of the narcotic substances Dash is trained to detect and is thus grossly contaminated. This odor, in residual form (billionths of a gram), is present on everyday circulated currency but not in the amount Dash has been trained to detect.

C. **Additional Investigation**

21. On May 16, 2017, law enforcement called telephone number 321-506-5770, identified during the Thomson Reuters CLEAR search of the recipient address on **THE PARCEL**. Law enforcement spoke to a male subject who identified himself as Corey James ("James"). Law enforcement verified James' address and asked if he was expecting a parcel from Nashville, TN. James stated he was not sure where Nashville, TN was, but maybe he purchased some strength and resistance bands online. Law enforcement asked for consent to open the parcel to verify the contents. James stated he would rather not give law enforcement permission. James said he did not know anyone named "Patrick Carter" and does not feel comfortable with this conversation.

22. Telephone number 321-266-9057 was identified during the Thomson Reuter CLEAR search of the return address on **THE PARCEL**. Law enforcement called telephone number 321-266-9057 and spoke to a male subject who identified himself as Patrick Nicholas ("Nicholas"). Law enforcement verified Nicholas' address but he said he did not know anyone named "Patrick Carter." When law enforcement advised **THE PARCEL** was flagged for additional screening, Nicholas spontaneously uttered, "Are there drugs in the package?" Nicholas denied mailing **THE PARCEL**. Nicholas said he does not know anyone named anyone named "Corey James" or anyone in Chico, CA.

23. On May 17, 2017, law enforcement made multiple attempts to call James at telephone number (321) 506-5770. Law enforcement learned the telephone number no longer allowed them to leave a message.

D. **Methods and Means of Using the United States Mail**

24. Based on my experience, training, and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the United States Mail to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances and/or proceeds from controlled substances include, but are not limited to, the following:

    a. It is common practice for shippers of the controlled substances to use Express Mail and Priority Mail because the drugs arrive at the destination more quickly and on a predictable date. Express Mail and Priority Mail, when paired with a special service such as delivery confirmation, allow traffickers to monitor the progress of the shipment of controlled substances. Traffickers pay for the benefit of being able to confirm the delivery of the parcel by checking the Postal Service Internet website and/or calling the local post office.

    b. Packages containing controlled substances or proceeds have, in many instances, a fictitious return address, incomplete return address, no return address, a return address that is the same as the addressee address, or a return address that does not match the place from which the parcel was mailed. These packages are also sometimes addressed to or from a commercial mail receiving agency (*e.g.*, Mail Boxes Etc.). A shipper may also mail the parcel containing controlled substances from an area different from the return address on the parcel because: (1) the return address is fictitious or (2) the shipper is attempting to conceal the actual location from which the parcel was mailed. These practices are used by narcotics traffickers to hide from law enforcement officials the true identity of the persons shipping and/or receiving the controlled substances or proceeds.

    c. Individuals involved in the trafficking of controlled substances through the United States Mail will send and receive Express or Priority mailings on a more frequent basis than a normal postal customer. Drug traffickers use Express Mail and Priority Mail at a higher rate due to their frequent exchanges of controlled substances and the proceeds from the sale of these controlled substances.

    d. In order to conceal the distinctive smell of controlled substances from narcotics detection dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all seams. In addition, the parcels often contain other smaller parcels which are carefully sealed to prevent the escape of odors. Perfumes, coffee, dryer sheets, tobacco, or other substances with strong odors are also sometimes used to mask the odor of the controlled substances being shipped. Drug traffickers often use heat/vacuum sealed plastic bags, and/or re-sealed cans in an attempt to prevent the escape of orders.

    e. California is typically a source state for drugs, especially marijuana. It is common for individuals in California to mail parcels containing narcotics to other states and then receive mail parcels containing cash payments in return.

25. Based on my training and experience, I know that parcels shipped by drug traffickers sometimes contain information and documentation related to the sales and distribution of controlled substances. The documentation can include, but is not limited to, information and instructions on the breakdown and distribution of the controlled substances at the destination; information on the use and effects of the various controlled substances; information about the actual sender; pay/owe sheets; and information and instructions for ordering future controlled substances.

26. Drug traffickers who use the United States Mail and other carriers as a means of distributing controlled substances, paraphernalia, and proceeds, and as a means of communicating with co-conspirators often include the following in parcels relating to their trafficking activity, all of which are evidence, fruits, proceeds, and/or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846:

   f. Controlled substances, including heroin, cocaine, methamphetamine, and marijuana.

   g. Packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

   h. Records reflecting the mailing or receipt of packages through Express Mail, Priority Mail, Federal Express, UPS or any other common carrier.

   i. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including financial records related to the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

   j. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

   k. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

   l. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

## Conclusion

27. Based on the facts set forth in this Affidavit, I believe there is probable cause that evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846 are concealed in **THE PARCEL**. Accordingly, I respectfully request the issuance of a search warrant authorizing the search of **THE PARCEL** described in the Attachment A and the seizure of the items described in Attachment B.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

DUSTIN WARNER
United States Postal Inspector

Sworn and Subscribed to me on May 18, 2017

Honorable Carolyn K. Delaney
United States Magistrate Judge

Approved as to form:

Cameron L. Desmond
Assistant U.S. Attorney

## ATTACHMENT A

### *Description of the Parcel to be Searched*

One Express Mail Parcel measuring approximately 12" x 8 3/4" x 2" and weighing approximately 1 pound 4 ounces affixed with tracking number EL631344722US.  **THE PARCEL** is addressed to "Corey James 100 penzance Ave Chico, CA 95973 APT 58" with a return address of "Patrick Carter 1178 Timber Valley Dr Nashville, TN, 37214." **THE PARCEL** bears a postage strip with meter number R2303S104405-05 in the amount of $23.75 mailed from ZIP Code 37205 on May 15, 2017, located in the upper right hand corner of **THE PARCEL.**

**THE PARCEL** is currently in my possession in the Eastern District of California.

## **ATTACHMENT B**

### *List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

1. Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

2. Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

3. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

4. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

5. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

6. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

7. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of <br><br> USPS Priority Mail Express parcel EL631344722US addressed to "Corey James 100 penzance Ave Chico, CA 95973 APT 58" | ) <br> ) <br> ) Case No. <br> ) <br> ) 2:17-SW-0387 CKD <br> ) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Eastern    District of    California   
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before     June 1, 2017     *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 5/18/2017 3:05pm     *[signature]*
                                              Judge's signature

City and state:     Sacramento, California         Carolyn K. Delaney, U.S. Magistrate Judge
                                                   *Printed name and title*

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

### Certification

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

Subscribed, sworn to, and returned before me this date.

_____          _____
Signature of Judge                              Date

## ATTACHMENT A

### *Description of the Parcel to be Searched*

One Express Mail Parcel measuring approximately 12" x 8 3/4" x 2" and weighing approximately 1 pound 4 ounces affixed with tracking number EL631344722US. **THE PARCEL** is addressed to "Corey James 100 penzance Ave Chico, CA 95973 APT 58" with a return address of "Patrick Carter 1178 Timber Valley Dr Nashville, TN, 37214." **THE PARCEL** bears a postage strip with meter number R2303S104405-05 in the amount of $23.75 mailed from ZIP Code 37205 on May 15, 2017, located in the upper right hand corner of **THE PARCEL.**

**THE PARCEL** is currently in my possession in the Eastern District of California.

## **ATTACHMENT B**

### *List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

1. Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

2. Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

3. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

4. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

5. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

6. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

7. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.